

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

| | | |
|---|---|---|
| JOSEPH LEE SAUCIER | § § | |
| v. | § § | 2:05CV2157LG-JMR |
| | § | 2:04CR11LG-JMR |
| UNITED STATES OF AMERICA | § | |

### MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY PURSUANT TO 28 U.S.C. § 2255

BEFORE THE COURT is the Motion of the Defendant, Joseph Lee Saucier, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to Title 28, United States Code, Section 2255. Defendant seeks to set aside his November 17, 2004, Judgment of Conviction and subsequent sentence for violation of 21 U.S.C. §§ 841, 846 and 853. After consideration of Defendant's Motion, the Government's response, the pleadings and record on file, and the relevant legal authority, the Court finds that said § 2255 Motion should be denied.

### FACTS AND PROCEDURAL HISTORY

On July 12, 2004, the Defendant, Joseph Lee Saucier, entered a negotiated plea of guilty to conspiracy to possess with the intent to distribute more than 50 grams of cocaine base and more than 5 kilograms of cocaine hydrochloride in violation of 21 U.S.C. §§ 841 and 846. Saucier also pled guilty to a criminal forfeiture count under 21 U.S.C. § 853. As part of the plea agreement Defendant waived his right to appeal the sentence or the manner in which it was imposed. In addition, he waived his right to contest the sentence in a post conviction proceeding or by §2255 motion. Saucier was sentenced on November 1, 2004, to 160 months

imprisonment, a 60 month term of supervised release, and a mandatory assessment in the amount of $100.00. The judgment of conviction was entered on November 17, 2004. The Defendant did not appeal his conviction or sentence. On November 16, 2005, the Defendant filed the instant § 2255 Motion. In his Motion the Defendant raises the following claims:

> 1) Defendant was sentenced based upon facts not determined by a jury in violation of the Sixth Amendment.
>
> 2) Counsel provided ineffective assistance for failing to object at sentencing when the Defendant was sentenced to 160 months imprisonment instead of 124 months pursuant to a prior agreement with the Government.

## DISCUSSION

### DEFENDANT'S *BLAKELY/BOOKER* CLAIM

Defendant contends that his Sixth Amendment rights were violated during the sentencing process. Citing *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005)(applying Sixth Amendment holding in *Blakely* to United States Sentencing Guidelines), Defendant argues that the Court's determination of drug quantity violated his Sixth Amendment right to have a jury make such findings beyond a reasonable doubt.[1]

As noted above, the Defendant entered a negotiated plea of guilty, pursuant to a plea agreement which contained an unambiguous waiver of his right to appeal the sentence or

---

[1] According to Defendant's Motion "his Sixth Amendment rights were violated during the sentencing process because the district court relied on judge found facts to impose sentencing enhancements that could not have been imposed based soley [sic] on facts found by the jury beyond a reasonable doubt."*Defendant's Motion* at p.6.

contest the sentence in any post-conviction proceeding.[2] A defendant may, as part of a plea agreement, waive the right to appeal, *U.S. v. Cuevas-Andrade*, 232 F.3d 440, 446 (5th Cir. 2000); *United States v. Melancon*, 972 F.2d 566 (5th Cir. 1992), and the right to seek post-conviction relief. *United States v. Wilkes*, 20 F.3d 651(5th Cir. 1994).

The Court notes that Defendant was sentenced prior to the Supreme Court decision in *Booker* and that the Fifth Circuit has held that *Booker* does not apply retroactively on collateral review to a federal prisoner's initial § 2255 motion. *United States v. Gentry*, No. 04-11221, 2005 WL 3317891 (5th Cir. Dec. 8,2005). In any event *Blakely* and *Booker* do not alter the plain meaning of appeal-waiver provisions in valid plea agreements. *U.S. v. McKinney* 406 F.3d 744, 747 (5th Cir. 2005). Even under *Booker's* advisory rather than mandatory sentencing scheme, a waiver of an appeal is enforceable because "a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise." *U.S. v. Bochas,* 131 Fed.Appx. 968, 969-70 (5th Cir. 2005), *quoting Brady v. United States*, 397 U.S. 742, 757, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *see also United States v. Bradley*, 400 F.3d 459, 464 (6th Cir. 2005).

The record discloses that Defendant was fully advised and aware that his negotiated plea of guilty included a waiver of his right to appeal or contest the sentence. During the guilty

---

[2] Defendant's Memorandum of Understanding dated May 18, 2004, provides in part:
15. The Defendant... hereby expressly waives the right to appeal the conviction and/or sentence imposed in this case, or the manner in which that sentence was imposed, on the grounds set forth in § 3742, or on any ground whatsoever, and expressly waives the right to contest the conviction and/or sentence or the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to a motion brought under Section 2255, Title 28, United States Code....

plea colloquy the Court reminded Defendant of the importance of his right to appeal the sentence or to contest that sentence in a post-conviction proceeding. The Court questioned him regarding his willingness to waive the right to contest his sentence and whether the waivers had been obtained by threat or coercion. The Court asked Defendant's attorney whether he had discussed the waiver provisions in the plea agreement with his client. According to counsel, the waiver provisions were discussed and Defendant accepted the terms knowingly and voluntarily. In the opinion of the Court, Defendant knowingly and voluntarily waived his right to contest the sentence in a post-conviction proceeding. There is no reason why the waivers should not be enforced.

<u>DEFENDANT'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM</u>

Defendant's ineffective assistance of counsel claim is less than pellucid. However, construed liberally Defendant apparently claims that his sentence of 160 months violated an agreement that he be sentenced to 124 months and that his attorney failed to raise objection at sentencing.[3] Since Defendant's claim of ineffective assistance of counsel calls into question the validity of his guilty plea, the waiver provisions discussed above may not apply. *See United States v. Henderson* 72 F.3d 463 (5th Cir. 1994)(the court declined to enforce an appeal waiver provision contained in a plea agreement, where the defendant raised the specter of ineffective assistance of counsel in conjunction with plea agreement itself.); *United States v.*

---

[3] The § 2255 Motion states that "counsel provided ineffective assistance in failing to object when the District Court sentenced Defendant to 160 months imprisonment instead of the 124 months **agreed upon by the Government and counsel.**" *Defendant's Motion* at p.6. (emphasis added). "At sentencing counsel failed to object and demonstrate to the District Court that the Government in exchange for Movant's plea of guilty agreed Movant would receive a sentence of 124 months imprisonment instead of the 160 months he received." *Defendant's Memorandum of Law* at p.3.

*Price,* 95 F.3d 364 (5th Cir. 1996)(holding that claim of ineffective assistance of counsel could be brought by § 2255 motion despite waiver where claimed ineffectiveness related to waiver provision in the plea agreement).

To be constitutionally valid, a guilty plea must be knowing and voluntary. *U.S. v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998); *Harmason v. Smith,* 888 F.2d 1527, 1529 (5th Cir. 1989). Thus, a guilty plea may be invalid if induced by defense counsel's unkept promises. On the other hand, a defendant ordinarily will not be heard to refute testimony given at a plea hearing while under oath. *United States v. Fuller,* 769 F.2d 1095, 1099 (5th Cir. 1985); *United States v. Sanderson,* 595 F.2d 1021, 1022 (5th Cir. 1979); *United States v. Barrett,* 514 F.2d 1241, 1243 (5th Cir. 1975). "Solemn declarations in open court carry a strong presumption of verity," forming a "formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison,* 431 U.S. 63, 73-74, 97 S.Ct. 1621, 1628-29, 52 L.Ed.2d 136 (1977). Nevertheless, a defendant may seek § 2255 relief on the basis of alleged promises, though inconsistent with representations he made in open court when entering his guilty plea, by proving (1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise. *Cervantes,* 132 F.3d at 1110; *Harmason,* 888 F.2d at 1529.

Defendant has alleged no facts tending to show that he was induced to enter a plea of guilty upon a promise that he would receive a prison term of 124 months. Moreover, Defendant's claim is clearly refuted by the record. During the plea colloquy Defendant confirmed that the only agreement with the Government was reflected in the written memorandum of understanding and that no other promises of any kind had influenced his

decision to plead guilty. Defendant's sworn testimony during the plea colloquy constitutes the type of "formidable barrier" that is intended to prevent, or at least discourage, belated and unsupported claims of unkept promises. Having failed to demonstrate that his plea was induced by an undisclosed and unkept agreement, Defendant has failed to show that his attorney rendered ineffective assistance of counsel under the standard announced in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 870 L.Ed.2d 674 (1984).

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion of the Defendant, Joseph Lee Saucier, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, filed November 16, 2005, [28-1] should be, and is hereby, **DENIED.**

**SO ORDERED AND ADJUDGED** this the 19th day of January, 2006.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE